**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jack STANDLEY, Defendant—
Appellant.**

No. 03–30528.
D.C. No. CR–02–00089–RFC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2005.

Decided Feb. 9, 2005.

James E. Seykora, Marcia Good Hurd, Office of the U.S. Attorney, Billings, MT, for Plaintiff—Appellee.

Robert L. Stephens, Jr., Southside Law Center, Paula Saye–Dooper, Billings, MT, for Defendant—Appellant.

Before SCHROEDER, Chief Judge, GRABER, and FISHER, Circuit Judges.

MEMORANDUM *

Jack Standley appeals his conviction and sentence for attempted distribution of Ox-

* This disposition is not appropriate for publica-

tion and may not be cited to or by the courts

ycontin tablets in violation of 21 U.S.C. § 841(a)(1).

■ Standley contends that the introduction into evidence of tape-recorded conversations between himself and a deceased confidential informant violated his right to confront a witness against him under the Confrontation Clause of the Sixth Amendment. The admission of nonhearsay raises no Confrontation Clause concerns. *United States v. Inadi*, 475 U.S. 387, 398 n. 11, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986). This is because nonhearsay statements are not offered to prove the truth of the matters asserted, and therefore cross-examination regarding the statements would not further the interests served by the Confrontation Clause. *Id.*

■ In this case, the informant's statements were not offered to prove the truth of the matters asserted. Rather, they were offered to provide necessary context for Standley's own statements. *See United States v. Whitman*, 771 F.2d 1348, 1352 (9th Cir.1985); *United States v. Kenny*, 645 F.2d 1323, 1340 (9th Cir.1981). Therefore, the admission of the informant's statements did not violate the Confrontation Clause. *Inadi*, 475 U.S. at 398 n. 11. The exclusion of evidence offered to impeach the informant also did not violate the Confrontation Clause.

■ At oral argument, Standley argued that the admission of one particular tape-recorded remark from the informant to a government agent was hearsay because it was offered for the truth of the matter asserted. If there was any error, it was harmless. *See, e.g., United States v. Nielsen*, 371 F.3d 574, 581 (9th Cir.2004).

Standley also challenges his sentence. Under *Blakely v. Washington*, — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403

(2004), the imposition of a sentence enhanced on the basis of facts not found by the jury violates the Sixth Amendment. *United States v. Booker*, — U.S. ——, 125 S.Ct. 738, 755–56, 160 L.Ed.2d 621 (2005). The Supreme Court recently held that the Federal Sentencing Guidelines are advisory. *Id.* at 764. We remand Standley's sentence to the district court for reconsideration in light of *Booker*.

**AFFIRMED; REMANDED for resentencing.**

of this circuit except as provided by Ninth Circuit Rule 36–3.